IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01329-PAB

YEFERSON J. RODRIGUEZ ALVAREZ,

     Petitioner,

v.

TODD BLANCHE, Acting Attorney General of the United States,
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement,
KENNETH GENALO, ICE Field Office Director New York,
ELIAS DIGGINS, Denver County Sheriff,
DENVER CONTRACT DETENTION FACILITY, THE GEO GROUP, INC, DENVER, COLORADO, and
JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

     Respondents.[1]

---

**ORDER**

---

This matter comes before the Court on petitioner Yeferson J. Rodriguez Alvarerz's Petition for Writ of Habeas Corpus [Docket No. 1].  Respondents filed a response.  Docket No. 25.

## I. BACKGROUND[2]

Petitioner is a citizen of Venezuela who entered the United States in approximately July 2022.  Docket No. 1 at 3, ¶ 1.  Petitioner has a pending asylum application and has been granted a valid Employment Authorization Document.  *Id.*, ¶¶ 2-3.  While in the United States, petitioner was stopped by police for a traffic violation

---

[1] Todd Blanche is substituted as a party for Pamela Bondi pursuant to Fed. R. Civ. P. 25(d).  The spelling of Juan Baltazar's name is corrected.

[2] The following facts are undisputed unless otherwise noted.

and fled the scene. *Id.*, ¶¶ 5-6. The police deployed a K-9 unit that caused petitioner to suffer dog bites and a dislocated arm. *Id.*, ¶ 6. Petitioner underwent surgery and was then transferred to Immigration Customs and Enforcement Custody ("ICE"). *Id.*, ¶ 8. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2. Petitioner has been in ICE custody for approximately six months since March 30, 2026. *Id.* at 3, ¶ 8. On March 30, 2026, petitioner filed a petition for writ of habeas corpus, arguing that his current detention violates his right to due process and 28 U.S.C. § 1226. *Id.* at 3-6. Among other relief, petitioner asks that the Court order petitioner's immediate release or that respondents provide petitioner a bond hearing. *Id.* at 6.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 5-6; Docket No. 25 at 2-5. Petitioner contends that his detention is controlled by § 1226(a), as a noncitizen who was paroled into the United States, and he is therefore entitled to a bond hearing. *See id.* at 5-6. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted. Docket No. 25 at 2-5. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16,

2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 25.  Because the Court finds no distinguishing material facts between this case and previous cases, the Court will grant the habeas petition for the same reasons previously stated.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[3]  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Yeferson J. Rodriguez Alvarerz's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the

---

[3] Because the Court will grant the habeas petition on the basis of petitioner's § 1226 claim, it will not reach petitioner's additional claims for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) (declining to reach petitioner's additional claims after granting relief on the basis of petitioner's § 1226 claim).

[4] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

ORDERED that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 1, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[5] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").