IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01329-PAB

YEFERSON J. RODRIGUEZ ALVAREZ,

     Petitioner,

v.

TODD BLANCHE, Acting Attorney General of the United States,
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement,
KENNETH GENALO, ICE Field Office Director New York,
ELIAS DIGGINS, Denver County Sheriff,
DENVER CONTRACT DETENTION FACILITY, THE GEO GROUP, INC, DENVER, COLORADO, and
JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

     Respondents.[1]

---

**ORDER**

---

This matter comes before the Court on petitioner Yeferson J. Rodriguez

Alvarerz's Motion to Enforce the Court's Prior Habeas Order and for Immediate Release

[Docket No. 28]. Respondents filed responses.[2] Docket Nos. 31, 33. Petitioner filed a

reply. Docket No. 34.

---

[1] David Venturella is substituted as a party for Todd Lyons pursuant to Fed. R. Civ. P. 25(d).

[2] Respondents Blanche, Mullin, Venturella, Genalo, and Baltazar oppose petitioner's motion to enforce. *See* Docket No. 33. Respondent Diggins represents that the "Denver Sheriff Department has no basis to challenge the Court's granting of the petitioner for writ of habeas corpus." Docket No. 31 at 1.

## I. BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States in approximately July 2022.  Docket No. 1 at 3, ¶ 1.  Petitioner has a pending asylum application and has been granted a valid Employment Authorization Document.  *Id.*, ¶¶ 2-3.  While in the United States, petitioner was stopped by police for a traffic violation and fled the scene.  *Id.*, ¶¶ 5-6.  The police deployed a K-9 unit that caused petitioner to suffer dog bites and a dislocated arm.  *Id.*, ¶ 6.  Petitioner underwent surgery and was then transferred to Immigration Customs and Enforcement ("ICE") custody.  *Id.*, ¶ 8.  Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 2.  Petitioner has been in ICE custody for approximately six months, since March 30, 2026.  *Id.* at 3, ¶ 8.

On March 30, 2026, petitioner filed a petition for writ of habeas corpus, arguing that his current detention violates his right to due process and 28 U.S.C. § 1226.  *Id.* at 3-6.  On May 1, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing "where the government shall bear the burden of proving that petitioner's continued detention is justified."  Docket No. 27 at 3-4.  On May 8, 2026, the parties filed a joint status report indicating that, on May 6, 2026, an immigration judge denied petitioner release on bond.  Docket No. 30 at 1.  On May 8, 2026, petitioner filed a motion to enforce the Court's May 1 Order that requests his immediate release or, in the alternative, a new "constitutionally adequate custody hearing before a different Immigration Judge."  Docket No. 28 at 8.

## II. ANALYSIS

Petitioner argues that the immigration judge's order was not supported by sufficient evidence of petitioner's dangerousness because the immigration judge relied

on petitioner allegedly driving without a valid license, fleeing a traffic stop, and resisting arrest.  *See id.* at 3-4.  Petitioner argues that the immigration judge improperly determined that petitioner was a flight risk by failing to "meaningfully account for substantial mitigating evidence, including the Petitioner's community ties; the existence of a sponsor willing to support and house the Petitioner; the Petitioner's incentive to pursue pending immigration relief; and the availability of extensive alternatives to detention."  *Id.* at 4.  Petitioner contends that it was improper for the immigration judge to rely on the "alleged incompleteness of Petitioner's asylum application as evidence supporting detention."  *Id.*  Furthermore, petitioner argues that the immigration judge failed to consider less restrictive alternatives to detention and that detention is interfering with his pending criminal proceedings.  *See id*. at 4-5.[3]

Respondents argue that petitioner seeks relief that exceeds the Court's "inherent authority to ensure its orders are carried out."  Docket No. 33 at 3.  Respondents contend that ICE "held a bond hearing, and the Government bore the burden of proving that Petitioner's continued detention is justified."  *Id.* at 4.  Respondents contend that the immigration judge considered the "individual facts and circumstances of Petitioner's particular case," including his arrest, failure to comply with his Alternatives to Detention plan, and attempt to flee law enforcement.  *See id.* at 5.  Respondents further argue that the Court lacks jurisdiction to review the merits of the immigration judge's bond determination pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C.

---

[3] In his motion, petitioner argues that respondents failed to carry their burden at the bond hearing by "clear and convincing" evidence.  *See, e.g.,* Docket No. 28 at 3-4, 6, 7.  The Court did not impose this burden of proof in its May 1 Order.  *See generally* Docket No. 27.

§ 1226(e).  *See id.* at 6-10.  Respondents argue that, "[t]o the extent Petitioner believes the IJ's decision is wrong, his remedy is to challenge the IJ's determination by appealing" to the Board of Immigration Appeals ("BIA").  *Id.* at 10.

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).  The Court ordered respondents to provide petitioner a bond hearing "where the government shall bear the burden of proving that petitioner's continued detention is justified."  Docket No. 27 at 3-4.  Petitioner argues that the immigration judge applied an improper legal standard in violation of the Court's order.  *See* Docket No. 28 at 1.  Thus, rather than setting aside the custody determination of the immigration judge, the Court is "assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives."  *See Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) ("The Court undisputedly has the authority to enforce its own orders."); *Cervantes Arredondo v. Baltazar*, Case No. 25-cv-03040-RBJ, Docket No. 26 at 4-6 (D. Colo. Dec. 18, 2025) (finding that 8 U.S.C. § 1226(e) was not a bar to the court's jurisdiction because the court retains jurisdiction to ensure compliance with its order that "granted habeas relief, ordered that [petitioner] be provided a bond hearing, and specified procedural requirements

4

necessary to satisfy due process under the circumstances"); *Lara Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *1-2 (D. Colo. May 15, 2026) (same); *Jovel v. Noem*, 2026 WL 1430041, at *1 (D.N.M. May 21, 2026) ("§ 1226(e) does not strip federal courts of jurisdiction to consider constitutional challenges to the procedures adopted by the Attorney General for all detention decisions under § 1226(a). . . .  This framework also reflects a district court's authority to ensure compliance with its own habeas orders.") (internal quotations and alterations omitted) (quoting *Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022)).

Petitioner is not required to exhaust his administrative remedies by appealing the immigration judge's decision to the BIA.  "In the immigration context, exhaustion of remedies is statutorily required only for appeals of final orders of removal."  *Quiroz Zacarias*, 2026 WL 1092162, at *3 (internal quotation and citation omitted); *Lara Mejia*, 2026 WL 1361514, at *4 (exercising the court's discretion to find that petitioner was not required to exhaust his administrative remedies before the BIA where petitioner challenged the sufficiency of his bond hearing).  Accordingly, the Court finds that it has jurisdiction to consider petitioner's motion.

The Court turns to whether the immigration judge properly placed the burden on the government at the bond hearing in compliance with the Court's May 1 Order.  In her order, the immigration judge found that "the Department of Homeland Security has established that Respondent's ongoing detention is justified because his release would pose a danger to persons or property and also a significant risk of flight that no amount of bond or combination of conditions could mitigate."  Docket No. 28-1 at 3.  Petitioner contends that the immigration judge should have considered his lack of "violent criminal

convictions" and that the "assertions of dangerousness" were "generalized or speculative."  *See* Docket No. 28 at 3-4.  Petitioner also argues that the immigration judge should have considered the existence of his sponsor, petitioner's "incentive to pursue pending immigration relief," and the "availability of extensive alternatives to detention" in determining petitioner's flight risk.  *See id*. at 4.

Petitioner's arguments do not explain how the immigration judge misapplied the burden of proof.  Rather, petitioner asks that the Court reweigh the evidence presented at the bond hearing and to find that respondents did not meet their burden of proof.  Thus, petitioner fails to show that respondents did not comply with the Court's May 1 Order.  The Court will deny petitioner's motion to enforce.  *See Jovel,* 2026 WL 1430041, at *2 (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . .  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Yeferson J. Rodriguez Alvarerz's Motion to Enforce the Court's Prior Habeas Order and for Immediate Release [Docket No. 28] is **DENIED**.  It is further

**ORDERED** that this case is closed.

DATED June 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge